```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.  5:18CR335 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT WARNER'S** |
| JASON WARNER | ) | **SENTENCING MEMORANDUM AND** |
| | ) | **MOTION FOR DOWNWARD VARIANCE** |
| Defendant. | ) | |

Now comes the Defendant who moves this Court to consider the following sentencing memorandum in support of the defendant at sentencing.  The Defendant further moves the Court to consider imposing a downward variance from the guideline range.

## MEMORANDUM IN SUPPORT

### (1)  §3553 Sentencing Factors and Considerations

Jason voluntarily submitted to a psychological evaluation which determined Jason to be a low risk for reoffending. Further, the evaluation determined Jason cannot be classified as a pedophile.  Jason indicated he viewed the images because of their taboo nature and that he did not obtain sexual gratification from the images. Jason has been diagnosed with ADHD which may have contributed to the desire to engage in risky

behavior.[1]  To protect society and to rehabilitate Jason Warner, it would be beneficial for him to address his ADHD diagnosis.

Jason has demonstrated an ability to abide by court rules. He self reported following the issuance of the indictment and has successfully completed months of home monitoring while out on bond.  He fully cooperated with authorities and confessed when confronted.  He did not actively share images in the sense of emailing files to others.  He also demonstrated remorse not only for his family and friends but also for the children involved in the images.

Jason has family responsibilities.  He is married and has recently become a father.  His child unfortunately will bear the consequences of not having a father in her life during any period of imprisonment.

Significantly, Jason has extensive family support from his parents, brothers, extended family, and wife.  This bodes well for Jason to complete any treatment necessary to address any underlying issues which led to the instant offense.

Further, Jason has an excellent work history and has successfully provided for himself and his family his entire adult life.

---

[1] "For some ADHD brains, optimal functioning involves augmenting the existing stimulation — seeking louder, faster, bigger, funnier, and riskier — the more intense, the better." Littman, Ellen, "Never Enough? Why Your Brain Craves Stimulation," ADDitude Magazine.

The United States Supreme Court held in *Kimbrough v. United States,* 552 U.S. 85 (2007) that "[a] district judge must include the Guidelines range in the array of factors warranting consideration, but the judge may determine that, in the particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing, §3553(a)."

The defendant respectfully moves the Court to consider a downward variance from the guidelines and to find that a within guideline sentence is greater than is necessary to punish the defendant and protect society.  Finally, the defendant believes a downward variance is appropriate based upon the United States Sentencing Commission statistics which demonstrate most offenders are receiving downward variances.

### (2)   Downward Trend

The Supreme Court found in *Booker* that the sentencing guidelines are advisory rather than mandatory.  UNITED STATES V. BOOKER (2005), 543 U.S. 220.

The Sentencing Guidelines are ever evolving in response to judges' reactions to the guidelines as evidenced by the sentences imposed, societal influences, and congressional goals.  As discussed below, there is no shortage of critics of the current child pornography guidelines.

"The United States Sentencing Commission's [2016] research indicated that 'the current sentencing scheme in §2G2.2 places a

disproportionate emphasis on outdated measures of culpability regarding offenders' collecting behavior and insufficient emphases on offenders' community involvement and sexual dangerousness.'  The United States Sentencing Commission determined that penalty ranges for certain child pornography offenses are too severe for some child pornography offenders and too lenient for other child pornography offenders."[2]

To view photographs or videos of a child engaged in sexual behavior is abhorrent without question, but critics believe the current guidelines are too extreme and do not account for the broad spectrum of offenders.  Jason Warner would likely be considered on the least culpable end of the spectrum.  His sharing of the images was passive and unknowing.  He did not actively send files to others via email.

According to the Federal Sentencing Commission's Third Quarter Data through June 30, 2018, only 29 percent of the sentences for child pornography were within the guideline range.  The statistics further demonstrate the downward trend with 61.4 percent receiving a variance.  Most variances were downward (807

---

[2] Bujnowski, Dolores, "Undermining the United States Sentencing Guidelines: Downward Departure in Child Pornography Cases" (2017).  Law School Student Scholarship. 930.

out of 824 were downward variances). United States Sentencing Commission 2018 Quarterly Data Report Table 10A and Table 18A.

### (3) State Offense Comparison

United States Code § 3553(A)(6) instructs courts to avoid disparities in sentences for similarly situated federal offenders.  While the Sixth Circuit has held a comparable state sentence in not a proper consideration under the disparity prevention consideration found in U.S.C. § 3553(A)(6)[3], the defendant believes the potential state sentence would be a proper consideration when the Court reflects on a policy based disagreement with the current guidelines.  Policy based rejection by courts of the current guidelines arise from "critics who contend that the child pornography guideline suffers many fundamental flaws, such as the lack of any empirical foundation, the failure to represent the Commission's institutional judgment, and disproportionality. Because of these flaws, many judges are rejecting the child pornography guideline on policy grounds, arguing that it produces sentencing ranges that fail to distinguish between more and less culpable offenders and generally are reasonable only for the most heinous sexual predators."  Melissa Hamilton, *Sentencing Adjudication: Lessons from Child Pornography Policy Nullification*, 30 Ga. St. U. L. Rev. at 4 (2014).

---

[3] *U.S. v. Malone*, 503 F.3d 481 (2007).

A person who has committed the instant offense can be charged in state or federal court. There is a huge disparity between the potential sentence if the offense is charged in state court compared to when the offense is charged in federal court.

DeMaso, Christine. "Advisory Sentencing and the Federalization of Crime: Should Federal Sentencing Judges Consider the Disparity between State and Federal Sentences under Booker?" *Columbia Law Review*, vol. 106, no. 8, 2006, pp. 2095–2128. *JSTOR*, JSTOR, www.jstor.org/stable/40041693.

An offense which is comparable to the instant offense in Ohio would be found in Ohio Revised Code Section 2907.322 (Pandering sexually oriented matter involving a minor).[4] The Ohio code section provides,

> (A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
>
> (1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;
>
> (2) Advertise for sale or dissemination, sell, distribute, transport, disseminate, exhibit, or display any material that shows a minor participating or engaging in sexual

---

[4] The difference between the state and federal offense is the interstate commerce element.

>activity, masturbation, or bestiality;
>
>(3) Create, direct, or produce a performance that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;
>
>(4) Advertise for presentation, present, or participate in presenting a performance that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;
>
>**(5) Knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;**
>
>O.R.C. 2907.322 (emphasis added).

The difference in the sentence for state versus the federal offense is extreme. The sentence for a violation of O.R.C. 2907.322 is as follows:

>(C) Whoever violates this section is guilty of pandering sexually oriented matter involving a minor. Violation of division (A)(1), (2), (3), (4), or (6) of this section is a felony of the second degree. Violation of division (A)(5) of this section is a felony of the fourth degree. If the offender previously has been convicted of or pleaded guilty to a violation of this section or section 2907.321 or 2907.323 of the Revised Code, pandering sexually oriented

matter involving a minor in violation of division (A)(5) of this section is a felony of the third degree.

The sentencing range in state court follow:



If the Jason Warner had been charged in state court and convicted of violating O.R.C. 2907.322, a sentence of probation would be a possibility. One of the eleven factors which allows the imposition of a prison term is if "[t]he offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code."[5]

Counsel requested the clerk of court for Stark County to run a report listing those who were charged with pandering in

---

[5] None of the other eleven factors are applicable to the facts if this case. See O.R.C. 2929.13(B).

Stark County where the defendant in this case resides.  The report covered a time period of the past three years.  Three defendants appeared on the report with only one of the three being comparable to the case at bar.  Scott Nelson was charged with 3 counts of pandering obscenity involving a minor violation of O.R.C. 2907.321.  Count 1 involved 60 images of child pornography, Count 2 involved 231 images, and Count 3 involved a video.  He was sentenced to a term of eighteen months in prison in Stark County Common Pleas Case Number 2018CR0697, however, he was granted early release from prison and placed on community control after serving three months in prison pursuant to a motion for judicial release.

The other two defendants from Stark County are not as comparable because their cases also contained counts involving actual sexual imposition and rape.  One of the other two Stark County defendants, Tracy Shafer, was charged with 10 counts or Pandering which included hundreds of images and videos as well as two counts of sexual imposition relating to two separate victims.  Shafer was sentenced to a term of 8 years in prison in Stark County Case Number 2017CR2174.

**CONCLUSION**

Jason Warner has accepted responsibility and desire to live a productive life in society.  He in no way intend to minimize the hurt he has caused by committing this offense.  Children

have been damaged, his family has suffered, and his life will never be the same.  He respectfully asks this Court to consider the information provided and provide the minimum sentence necessary to accomplish the goals of the statute.

The defendant requests that the Court consider recommending placement at FCI Elkton for any period of imprisonment to allow the defendant to participate in programing related to the instant offense as well as to be near his family.

                                    Respectfully submitted,
                                    /s/James W. Haupt
                                    JAMES W. HAUPT - #0084212
                                    Attorney for Defendant
                                    5458 Fulton Dr. NW – Suite C
                                    Canton, OH  44718
                                    (330) 526-8021

**PROOF OF SERVICE**

A copy of the foregoing was sent to Attorney Michael A. Sullivan, counsel for the plaintiff via the electronic filing system on the 27th day of December 2018.

                                    /s/James W. Haupt
                                    JAMES W. HAUPT
                                    Attorney for Defendant